**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHERYL SIMS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-719-RWS-JBB |
| | § | |
| MICHAEL GRANNAN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The above-captioned case was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's Specific Written Objections to the Magistrate Judge's Report and Recommendation. Docket No. 11.

**BACKGROUND**

Plaintiff Cheryl Sims, proceeding *pro se*, filed a complaint (Docket No. 7) and Plaintiff's Emergency Motion for Temporary Restraining Order (Docket No. 1). Defendant has not yet been served or entered an appearance.

On July 2, 2026, the magistrate judge issued a report and recommendation, recommending Plaintiff's emergency motion for an ex parte temporary restraining order be denied. Docket No. 5. According to the docket, Plaintiff received a copy of the report and recommendation on July 13, 2026. Plaintiff filed her objections on July 29, 2026. Docket No. 11.

"Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C.A. § 636 (West); *see* L.R. 72.1(b)(2). Although Plaintiff's objections were not timely, the Court, in its discretion, will still consider Plaintiff's objections, and the Court reviews the report and recommendation *de novo*.

## LEGAL STANDARDS

### I. Standard of Review

The Court must conduct a *de novo* review of all portions of the magistrate judge's report that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the unobjected-to portions of a magistrate judge's report, however, parties are barred from *de novo* review by the district judge of the magistrate judge's proposed findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021). Where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### II. Injunctive Relief

A party seeking a temporary restraining order or preliminary injunction must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest." *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (citing *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003)). *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (noting that the standards for temporary restraining orders and preliminary injunctions are the same)). The decision to grant or deny a temporary

restraining order lies within the court's discretion. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Because injunctive relief is an extraordinary remedy, it should only be granted if the movant clearly carried the burden of persuasion. *Id.*

**ANALYSIS**

Plaintiff first requests a temporary restraining order and asks the Court to enjoin Defendant from "directly or indirectly contacting, calling, texting, messaging, or otherwise harassing any of the Plaintiff's eighteen (18) noticed or subpoenaed witnesses[;]" "utilizing civil custody orders or bad-faith state processes to orchestrate, threaten, or execute an arrest of the Plaintiff," and ordering "Defendant, his counsel, and his agents cease all direct or indirect contact or harassment of the Plaintiff . . . ." Docket No. 1 at 5. Second, Plaintiff seeks the following relief: (1) vacate a child custody order of a Pennsylvania state court; (2) reinstate a 2016 Texas child custody order; (3) award damages under the civil RICO statute (18 U.S.C. § 1964(c)); (4) and award punitive damages for Defendant's alleged infringement of Plaintiff's civil rights. Docket No. 1-1 at 17–18.

In the report and recommendation, the magistrate judge held Plaintiff did not demonstrate she has a likelihood of success on the merits for the following reasons: "(1) the Court lacks jurisdiction to grant relief for the majority of Plaintiff's claims; and (2) for the sole remaining claim, it does not appear that Plaintiff has sufficiently alleged a claim upon which relief can be granted." Docket No. 5 at 1–2.

**Objection 1**

Plaintiff's first objection is that the report and recommendation incorrectly characterized this action as a child custody dispute. Docket No. 11 at 2. Plaintiff contends that the action "should be analyzed under the federal statutes invoked in the Complaint." *Id.* However, the report and recommendation did not categorize this action as a custody dispute. *See* Docket No. 5 at 1. Rather,

it noted in the background section that "[t]his action concerns a child custody dispute." *Id.* The background section outlines the relevant facts, events, or circumstances that give rise to the legal issues. It may include prior actions or legal claims that directly relate to the matter at hand. It did not evaluate the law or apply it to the facts. Consequently, Plaintiff's first objection lacks merit, as it does not challenge the substantive legal analysis presented.

**Objection 2**

Plaintiff argues in her second objection that the magistrate judge incorrectly applied the *Rooker-Feldman* doctrine. Plaintiff claims that the "Supreme Court has repeatedly explained that the *Rooker-Feldman* doctrine is narrow and applies only where a federal plaintiff seeks review of a state-court judgment itself." Docket No. 11 at 2. However, the "*Rooker-Feldman* doctrine bars the Court's consideration of '***direct attacks*** on a state court judgment, as well as claims that are '***inextricably intertwined***' with the state court proceedings.' " *Marshall v. Carter*, No. 4:20-CV-00993-SDJ-CAN, 2021 WL 2980716, at *8 (E.D. Tex. June 15, 2021), report and recommendation adopted, No. 4:20-CV-993-SDJ, 2021 WL 4316620 (E.D. Tex. Sept. 23, 2021) (citations omitted).

In previous cases, the Fifth Circuit has affirmed dismissals under the *Rooker-Feldman* doctrine where the litigant sought, in part, invalidation of a prior state court judgment. *See, e.g.*, *Meaux v. U.S. Gov't*, 648 F. App'x 409, 410 (5th Cir. 2016). Here, Plaintiff explicitly requests that the Court vacate the Pennsylvania state court's child custody order. Docket No. 1-1 at 4–5. By seeking to void an order from the beginning, the complaining party is indeed asking the court to review the order's validity and, if found defective, to strike it down as if it had never been entered.

One "hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a

state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. *Id.* at 382–83 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). While Plaintiff's complaint alleges violations of 18 U.S.C. §§ 1961–1968 (civil RICO statutes) and 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), the alleged injuries arise out of, or directly relate to, the Pennsylvania state proceedings and judgment. *See* Docket No. 1-1 at 17. Plaintiff's second objection is without merit.

**Objection 3**

Plaintiff argues in her third objection that the magistrate judge improperly concluded the Indian Child Welfare Act ("ICWA") does not apply because Plaintiff does not allege a formal termination of parental rights. Docket No. 11 at 3. Plaintiff contends her allegations that the court in the original proceedings "conducted no inquiry and provided no notice to the Tribe, creat[ed] a fundamental jurisdictional defect." Docket No. 1-1 at 10.

The Court finds *Marshall v. Carter* instructive. In *Marshall*, Judge Jordan explained that the ICWA did not apply to the plaintiff's claims because the ICWA applies to actions involving foster care placement or termination of parental rights for an Indian child. 2021 WL 2980716 at *4. In that case, the court found the plaintiff failed to show his parental rights were terminated because his "claim [was] premised on an inability to spend time with his minor child." *Id.* at *5. And "such limitations or restraints on visitation or access simply do not fall within the definition of termination of parental rights under ICWA." *Id.*

Similarly, here, Plaintiff does not establish that her parental rights were terminated. Rather, she alleges the state court proceedings "effectively terminat[ed] the parental bond." Docket No. 1-1 at 9. But the proceedings simply reduced Plaintiff's visitation to one time per year. *Id.* While her

relationship with the child may have been altered, the allegation does not state a termination of the parent-child relationship for purposes of ICWA. Plaintiff's third objection is without merit.

**Objection 4**

Finally, Plaintiff asserts that the report and recommendation does not fully analyze her request for injunctive relief concerning the alleged threat of unlawful arrest. Docket No. 11 at 3. Plaintiff argues her request for a temporary restraining order is separate from any prior custody litigation and any loss in liberty is not adequately remedied by monetary damages alone. *Id.* Plaintiff argues the threat of an unlawful arrest entitles her to a temporary restraining order.

As explained above, the Court does not have subject matter jurisdiction over Plaintiff's motion for a temporary restraining order under the *Rooker-Feldman* doctrine. Assuming, *arguendo*, the Court has jurisdiction to review this matter, Plaintiff has not demonstrated she is likely to succeed on the merits of her underlying claim.

"Establishing probable, imminent, and irreparable injury requires proof of an actual threatened injury, as opposed to a speculative or purely conjectural one." *Tex. Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 908 (Tex. App.—Austin 2009, no pet.). "In other words, before an injunction issues there must be evidence that injury is threatened." *Dallas Gen. Drivers, Warehousemen & Helpers v. Wamix, Inc.*, 156 Tex. 408, 295 S.W.2d 873, 879 (1956). Therefore, a "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Beyhaqi v. Noem*, 779 F. Supp. 3d 919, 922 (S.D. Tex. 2025).

Plaintiff alleges "the threat of an unauthorized, manufactured arrest constitutes a severe deprivation of physical liberty and professional devastation that cannot be repaired by subsequent monetary damages." Docket No. 1 at 3. However, "there is no detention, much less unlawful detention, if an individual is free to leave despite being threatened with arrest." *Texas Serenity*

*Acad., Inc. v. Glaze*, No. Civ.A. H-12-0550, 2013 WL 4459152, at *7 (S.D. Tex. Aug. 15, 2013) (holding threats of arrest by defendants did not constitute detention and did not violate the plaintiff's constitutional right).

Additionally, nothing in Plaintiff's complaint or motion for temporary restraining order provides evidence of an actual threatened injury. In other words, without demonstrating success on the merits of an underlying claim, there is no basis to grant Plaintiff injunctive relief of any kind. Neither the State of Texas nor any representative of the State is a party to this lawsuit.[1] Plaintiff relies on nothing more than her speculative fear that Defendants "threat of arrest" constitutes a deprivation of her physical liberty. Thus, Plaintiff's relief seemingly requests this Court to prevent the State of Texas—who is not even a party to this lawsuit—from enforcing its own criminal laws. In the absence of extraordinary circumstances, the Court lacks the power to do so. Plaintiff's fourth objection is without merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the Court concludes that the report and recommendation of the magistrate judge is correct. Accordingly, it is

**ORDERED** that Plaintiff's Objections to Report and Recommendation of the United States Magistrate Judge (Docket No. 11) are **OVERRULED**. It is further

[1] While Plaintiff's motion indicates her sought injunction would be targeted at Mr. Grannan personally, there is no indication that Mr. Grannan has the independent power to arrest (or command the arrest of) Plaintiff.

**ORDERED** the Report and Recommendation of the United States Magistrate Judge and Order (Docket No. 5) is **ADOPTED** as the findings and conclusions of the Court. It is further

**ORDERED** that Plaintiff's request for a temporary restraining order (Docket No. 1) is **DENIED**.

**So ORDERED and SIGNED this 9th day of September, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE